Filed 11/18/22  P. v. Robson CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089152 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F06813) |
| v. | OPINION ON TRANSFER |
| JUSTIN WAYNE ROBSON, | |
| Defendant and Appellant. | |

On June 28, 2006, a jury convicted defendant Justin Wayne Robson of first degree murder with a special circumstance that he had been engaged in robbery (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(17))[1] and found true the allegation that he had personally used a firearm (§ 12022.53, subd. (d)).  The jury also found true that defendant's codefendant, Ira Gordan, had discharged a firearm causing death.  Thereafter, defendant was sentenced to life without the possibility of parole, plus an additional

---

[1]  Undesignated statutory references are to the Penal Code.

1

determinate term of 10 years.  We affirmed this judgment in *People v. Gordon et al.* (July 27, 2010, C056183) (nonpub. opn.).

On January 7, 2019, defendant sought resentencing pursuant to former section 1170.95[2] in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg. Sess.), which was summarily denied by the trial court.  Our original opinion in this appeal concluded that while defendant had filed a deficient petition in propria persona, we would nonetheless address the merits of his claims on appeal in the name of judicial efficiency.  We concluded on the merits that defendant could not state a prima facie case for relief and affirmed the trial court's order.  (*People v. Robson* (Jan. 6, 2021, C089152) [nonpub. opn.] (*Robson*).)

Defendant filed a petition for review with the California Supreme Court, which directed this court to vacate our previous decision and reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  Having done so, we conclude the trial court's order must be vacated, and the matter remanded for further proceedings consistent with this opinion.

## BACKGROUND

*Factual Background*

According to our opinion in *Gordon*, defendant and his two codefendants, Gordon and Jamaur Wilson, were in the parking lot of a liquor store when the murder victim drove up with his girlfriend.  The victim and his girlfriend went into the store.  As they returned, Gordon entered the car, sat in the rear passenger seat, and asked the victim if he would give them a ride.  Defendant then got into the rear seat behind the victim.  Wilson

---

[2]  Defendant filed the petition in 2019.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as former section 1170.95 throughout the opinion.

stood next to the driver's window of the car. The victim declined Gordon's ride request. All three defendants began striking the victim. Defendant pistol-whipped the victim multiple times and then got out of the car, joining Wilson next to the driver's window. Gordon, who remained in the car, told the victim to give him all his money and everything he had in his pockets. The girlfriend ran into the store to call for help. As she returned the victim appeared to be trying to get his wallet out of his pocket. She then observed flashes and heard gunshots with each flash. Defendant was outside the car, holding a gun pointed at the ground. Gordon, who remained in the car seated behind the victim, had pulled out a semiautomatic handgun.

The three defendants fled to an apartment complex where they all lived and where they split some marijuana, money, and pills. A revolver and a semiautomatic handgun were recovered from defendant's apartment. The bullets recovered from the victim's body were fired from the .380-caliber semiautomatic. All three bullets were consistent with the victim's sitting in the driver's seat of the vehicle and being shot from the back seat on the right passenger side.

*Legal Background*

Senate Bill No. 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e)

3

now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also "added [former] section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Former section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*Lewis*, *supra*, 11 Cal.5th at pp. 960-962.) First, the trial court determines whether the petition is facially sufficient under former section 1170.95, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, then, the trial court moves on to former subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing they are entitled to relief. (*Ibid*.)

As the Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A]

4

court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

As relevant here, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2), which took effect on January 1, 2022, amended former section 1170.95 to "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case" and to "[r]eaffirm[ ] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1; Cal. Const., art. IV, § 8.)

## DISCUSSION

As we noted in *Gordon*, the prosecution was not required to prove that defendant was the shooter or an aider and abettor. However, the People also alleged and the jury found true the robbery-murder special circumstance, which authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life." (§ 190.2, subd. (d); *id.* subd. (a)(17).) Thus, our original opinion in *Robson* concluded the jury's findings precluded defendant from making a prima facie case for relief as a matter of law. (*Robson*, *supra*, C089152.) This was so because the jury's prior findings mirrored the requirements for establishing felony murder as amended by Senate Bill No. 1437, and we rejected defendant's arguments that these findings should not be given preclusive effect in light of the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. (*Robson*, *supra*, C089152.)

After *Robson*, our Supreme Court issued *Strong*, which concluded: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a

5

prima facie case for relief under Senate Bill [No.] 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, *supra*, 13 Cal.5th at p. 710.) Thus, because the jury's pre-*Banks* and *Clark* findings do not preclude defendant from making a prima facie case, we now conclude that we must vacate the trial court's order and remand for further proceedings consistent with this opinion.

We further conclude that because defendant's former section 1170.95 petition averred that he had been: (1) charged with felony murder or murder under the natural and probable consequences doctrine; (2) had been convicted of murder pursuant to one of those doctrines; and (3) could not now be convicted of murder because of changes made effective January 1 2019, he did make a prima facie showing entitling him to the appointment of counsel and briefing in this matter. (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960; former § 1170.95, subd. (c).)

## DISPOSITION

The order denying defendant's section 1170.95 petition is vacated, and the matter is remanded with directions to conduct further proceedings consistent with this opinion.

/s/
HOCH, Acting P. J.

We concur:

/s/
RENNER, J.

/s/
KRAUSE, J.

6